FILED

2008 FEB 28 P 3: 12

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

1  **SEEGER WEISS LLP**
   JONATHAN SHUB (SBN 237708)
2  Email: jshub@seegerweiss.com
   1515 Market Street, Suite
3  Philadelphia, PA 19102
   (215) 564-2300 Tel.
4  (215) 851-8029 Fax

5  [Additional Counsel listed on Signature Page]
   *Attorneys for Plaintiff Matt A. Gomric*

6

7              **UNITED STATES DISTRICT COURT**

8           **NORTHERN DISTRICT OF CALIFORNIA**

9                    C08   01197   PVT

10  MATT A. GOMRIC, individually and   Case No.:
    on behalf of all others similarly
11  situated,                          **CLASS ACTION COMPLAINT**
                                        **FOR DAMAGES AND**
12          Plaintiff,                  **INJUNCTIVE RELIEF**
                                                            **BY FAX**
13              v.

14  THE DIRECTV GROUP, INC.,           **JURY TRIAL DEMANDED**
    DIRECTV, INC., DIRECTV
15  MERCHANDISING, INC.,
    DIRECTV ENTERPRISES, LLC,
16  DIRECTV HOLDINGS, LLC, and
    DIRECTV OPERATIONS, LLC
17
            Defendants.
18

19

20

21

22

23

24

1  Plaintiff, Matt A. Gomric, individually and on behalf of all others similarly

2  situated, alleges as and for his class action complaint against defendants, The

3  DirecTV Group, Inc., and DirecTV, Inc., DirecTV Merchandising, Inc., DirecTV

4  Enterprises, LLC, DirecTV Holdings, LLC, and DirecTV Operations, LLC

5  (collectively, "DirecTV" or "Defendants"), upon personal knowledge as to himself

6  and his own acts, and as to all other matters upon information and belief, as

7  follows:

8  ## INTRODUCTION

9      1.    This is a class action brought by Plaintiff Matt A. Gomric and all

10  other persons who subscribe to DirecTV television services and who were charged

11  lease fees for receivers they owned to recover such fees improperly collected.

12      2.    The Defendant's improper collection of lease fees from consumers for

13  non-leased or improperly leased property constitutes unfair, unlawful, and

14  fraudulent conduct.

15  ## JURISDICTION AND VENUE

16      3.    The Court has original jurisdiction over this class action pursuant to

17  28 U.S.C. § 1332(d)(2).

18      4.    Venue in this judicial district is proper pursuant to 28 U.S.C. §

19  1391(a)(1) because defendant DirecTV, Inc., resides in this judicial district.  Venue

20  is also proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the

21  events or omissions giving rise to the claim occurred in this judicial district.

22      5.    The members of the putative Class have suffered damages exceeding

23  $5,000,000, exclusive of interest and costs.

24

**PARTIES**

6.     Plaintiff is a resident of Illinois, and contracted with DirecTV Inc. for direct broadcast satellite television services.  Plaintiff is a member of the class described more fully herein.

7.     Defendant The DirecTV Group, Inc. is a Delaware corporation with its principal place of business in El Segundo, California.  The DirecTV Group, Inc. markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

8.     Defendant DirecTV, Inc. is a California corporation with its principal place of business in El Segundo, California.  DirecTV, Inc. markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

9.     Defendant DirecTV Merchandising, Inc. is a Delaware corporation with its principal place of business in El Segundo, California.  DirecTV Merchandising, Inc. markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

10.    Defendant DirecTV Enterprises, LLC is a Delaware limited liability company with its principal place of business in El Segundo, California.  DirecTV Enterprises, LLC markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

11.    Defendant DirecTV Holdings, LLC, is a Delaware limited liability company with its principal place of business in El Segundo, California.  DirecTV

1  Holdings, LLC, markets, delivers, promotes and advertises DirecTV and DirecTV

2  receivers to consumers throughout the United States.

3      12.    Defendant DirecTV Operations, LLC, is a California limited liability

4  company with its principal place of business in El Segundo, California. DirecTV

5  Operations, LLC markets, delivers, promotes and advertises DirecTV and DirecTV

6  receivers to consumers throughout the United States. Defendants DirecTV

7  Operations, LLC, DirecTV Holdings, LLC, DirecTV Enterprises, LLC, DirecTV

8  Merchandising, Inc., DirecTV, Inc. and DirecTV Group, Inc. are collectively

9  referred to as "DirecTV."

10     13.    At all time herein mentioned, each of the Defendants acted as the

11 agent, servant, representative, officer, director, partner and/or employee of the

12 other. At all times, each of the Defendants was acting within the scope and course

13 of his/her/its authority as such agent, servant, representative, officer, director,

14 partner or employee, and with the permission and consent of each Defendant.

15 Additionally, at all times herein mentioned, Defendants were members of, and

16 engaged in, a joint venture, partnership and common enterprise, and acting within

17 the course and scope of, and in pursuance of the joint venture, partnership and

18 common enterprise.

19     14.    At all times herein mentioned, Defendants were engaged in a

20 conspiracy to commit the acts alleged herein and each of them, ratified each and

21 every act or omission complained of herein.

22

23

24

## CLASS ACTION ALLEGATIONS

15.    Plaintiff brings this action individually and on behalf of the following class or classes (the "Class"):

a.    All persons who, prior to March 1, 2006, owned a DirecTV receiver and were charged a "leased receiver" fee by DirecTV; and,

b.    All persons who, after March 1, 2006, owned a DirecTV receiver and were charged a "leased receiver" fee by DirecTV.

16.    There are thousands of class members geographically dispersed throughout California and the country.  Therefore, individual joinder of all members of the Class would be impracticable.

17.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(a)    Whether Defendants' conduct constitutes unfair and/or deceptive conduct;

(b)    Whether Defendants were unjustly enriched;

(c)    Whether Defendants' purported lease fee is unconscionable;

(d)    Whether Defendants' conduct violates California Business and Professions Code §§ 17200 and 172500 *et seq.*;

(e)    Whether Defendants' conduct violates the California Consumer Legal Remedies Act;

(f)    Alternatively, whether Defendants' conduct violates the Illinois Consumer Fraud Act, 815 ILCS § 505/1, et seq.

(g)    Whether the acts complained of herein warrant imposition of a constructive trust; and

(h)    Whether Plaintiff and the Class have been damaged and, if so, the proper measure of such damages.

18.    Plaintiffs' claims are typical of the claims of the Class, in that Defendants subjected all class members to the same course of conduct.

19.    Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the class members they seek to represent, and they have retained counsel competent and experienced in conducting complex class action litigation.  Plaintiffs and their counsel will adequately protect the interests of the Class.

20.    A class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by each individual class member likely will be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' conduct.  Thus, it would be virtually impossible for the class members individually to effectively redress the wrongs done to them.  Moreover, even if the class members could afford individual actions, it would still not be preferable to classwide litigation.  Individualized actions present the potential for inconsistent or

1    contradictory judgments. By contrast, a class action presents far fewer

2    management difficulties and provides the benefits of single adjudication,

3    economies of scale, and comprehensive supervision by a single court.

4                        **SUBSTANTIVE ALLEGATIONS**

5       21.    DirecTV, Inc. is a direct broadcast satellite (DBS) service based in El

6    Segundo, California, which transmits digital satellite television and audio to

7    households in the United States. In addition to consumers, DirecTV offers service

8    to bars, restaurants, hotels, dorms, and hospitals through their DirecTV for

9    business service. The company also offers mobile service for cars, boats, and RVs

10   (DirecTV Mobile) as well as aircraft (DirecTV Airborne).

11      22.    Prior to March 1, 2006, consumers who contracted for services with

12   DirecTV purchased set-top receivers from DirecTV. DirecTV relinquished

13   ownership of said receivers and the consumer was the sole owner of the receiver.

14      23.    On March 1, 2006, DirectTV purportedly established a "new set-top

15   receiver lease program," which it explained a year later to the U.S. Securities and

16   Exchange Commission as follows:

17              On March 1, 2006, we introduced a new set-top receiver
                lease program. Under this program, set-top receivers
18              leased to new and existing subscribers are capitalized and
                depreciated over their estimated useful lives of three
19              years. Our subscribers who lease their set-top receivers
                pay a monthly lease fee for each set-top receiver leased
20              in lieu of a monthly mirroring fee. Prior to March 1,
                2006, we expensed most set-top receivers provided to
21              new and existing subscribers upon activation as a
                subscriber acquisition or upgrade and retention cost in
22              the Consolidated Statements of Operations. Subsequent
                to the introduction of our lease program, most of the set-
23              top receivers provided to new and existing subscribers
                are leased. We capitalized $598.6 million of set-top

24

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF          - 7 -

1  receivers leased to new subscribers and $472.9 million of
   set-top receivers leased to existing subscribers during the
2  year ended December 31, 2006 under the new lease
   program.    Depreciation expense on these capitalized
3  receivers was $147.3 million for the year ended
   December 31, 2006.

4  DirecTV Form 10-K, March 1, 2007, at 28.

5      24.    Customers who "purchased" receivers after March 1, 2006, were

6  unbeknownst to them, apparently "leasing" the receiver from DirecTV.

7      25.    Customers who "purchased" receivers after March 1, 2006, were

8  never advised, nor did DirecTV disclose, that they were in fact entering into a lease

9  agreement.

10     26.    DirecTV charges customers $4.99 per "leased" receiver, which is

11 reflected on the customer's monthly statement.

12     27.    DirecTV has improperly charged "lease fees" to consumers who

13 purchased the receivers prior to March 1, 2006.

14     28.    DirecTV has improperly charged "leased receiver" fees to consumers

15 who purchased the receivers after March 1, 2006, because Defendant never

16 disclosed the existence of a lease.

17

18

19

20

21

22

23

24

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF            - 8 -

1

## FIRST CLAIM FOR RELIEF
### (For Violations of the Consumers Legal Remedies Act,
### Cal.Civ.Code§§ 1750 *et seq.*)

2

3    29.    Plaintiff hereby incorporates all proceeding paragraphs as if they were

4   fully set forth herein.

5    30.    Defendants are "persons" within the meaning of Civil Code §§1761(c)

6   and 1770, and sells "goods" within the meaning of Civil Code §§1761(b) and

7   1770.

8    31.    Plaintiff and the Class are consumers within the meaning of Civil

9   Code §1761(d).

10    32.    Plaintiff's purchase of a DirecTV received manufactured, marketed

11   and sold by Defendants constitutes a transaction within the meaning of Civil Code

12   §§1761(e) and 1770.

13    33.    Defendants' conduct violated and continues to violate the CLRA in at

14   least the following respects:

15      a.    In violation of section 1770(a)(7) of the CLRA, Defendants

16   Represented that goods or services are of a particular standard, quality or grade

17   when they are of another;

18      b.    In violation of section 1770(a)(9) of the CLRA, Defendants

19   advertised goods or services with intent not to sell them as advertised;

20      c.    In violation of section 1770(a)(14) of the CLRA, Defendants

21   represented that a transaction confers or involves rights, remedies, or obligations

22   which it does not have or involve, or which are prohibited by law; and

23

24

1        d.    In violation of section 1770(a)(16) of the CLRA, Defendants

2 represented that the subject of the transaction was supplied in accordance with a

3 previous representation when it has not.

4       34.    Defendants engaged in these unfair or deceptive acts and practices

5 with the intent that they result, and which did result, in the sale/lease of receivers to

6 Plaintiff and the Class.

7       35.    In engaging in unfair or deceptive conduct in violation of the CLRA,

8 Defendants actively concealed and failed to disclose material facts about the true

9 characteristics of the transaction leading to Plaintiff and Class Members' purchase

10 of the DirecTV receivers.

11       36.    As a result of Defendants' acts and practices as alleged in this

12 Complaint, Plaintiff seeks and Order enjoining Defendants from continuing to

13 engage in unlawful, unfair or fraudulent business practices, and any other act

14 prohibited by law. Plaintiff has contemporaneously with this filing provided notice

15 to Defendants pursuant to Civil Code §1782(a), and will amend to add claims for

16 damages under the CLRA if Defendants do not take appropriate corrective action.

17

18

19               **SECOND CLAIM FOR RELIEF**
                **(For Unjust Enrichment)**

20

21       37.    Plaintiff hereby incorporates all proceeding paragraphs as if they were

22 fully set forth herein.

23

24

1    38.    By their unlawful, unfair, deceptive, and wrongful acts and omissions,

2    Defendants were unjustly enriched at the expense of Plaintiff and the Class, who

3    were charged "leased receiver" fees for a lease they never entered into or knew

4    existed.

5    39.    Defendants were aware and had knowledge of the benefit they were

6    receiving as a result of their unlawful, unfair, deceptive, and wrongful acts and

7    omissions, as hereinabove alleged, and have enjoyed the benefit of their financial

8    gains, to the detriment and the expense of Plaintiff and the Class.

9    40.    Defendants' retention of some or all of the monies they have gained

10   through their wrongful acts and practices would be unjust considering the

11   circumstances of their obtaining these monies.

12   41.    Plaintiff, on behalf of himself and all others similarly situated, is

13   entitled to and seeks restitution from Defendants, and each of them, and an order

14   disgorging all profits, benefits, and other compensation obtained by Defendants for

15   their wrongful conduct.

16

17

18                       **THIRD CLAIM FOR RELIEF**
                **(For Violation of Cal. Bus. & Prof. Code §§17500, *et seq.*)**
19

20   42.    Plaintiff hereby incorporates all proceeding paragraphs as if they were

21   fully set forth herein.

22   43.    Plaintiff and the Class have suffered injury in fact and lost money

23   and/or property, including but not limited to monies unlawfully, unfairly and

24

1  deceptively obtained through the Defendants' sale/lease of DirecTV receivers.

2  Plaintiff has standing to pursue his claims under Business and Professional Code

3  §§17203, 17205, and 17500.

4      44.    Defendants actions as alleged herein occurred in the conduct of trade

5  or commerce directly or indirectly affecting consumers throughout California and

6  the United States, through their advertisements, marketing and representations

7  concerning DirecTV receivers.

8      45.    Defendants caused to be made or disseminated throughout California

9  and the United States, through advertising, marketing and other publications,

10  statements that are untrue or misleading, and which were known, or which by the

11  exercise of reasonable care should have been known to Defendants, to be untrue,

12  misleading to consumers, Plaintiff and the Class.

13      46.    Plaintiff, on behalf of themselves and all others similarly situated, are

14  entitled to and seek an injunction prohibiting Defendants from engaging in the acts

15  and practices complained of, and recovery of their attorney's fees and costs

16  pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

17

18

19  **FOURTH CLAIM FOR RELIEF**
    **(For Violations of Cal. Bus. & Prof. Code §§17200, *et seq.*)**

20

21      47.    Plaintiff hereby incorporates all proceeding paragraphs as if they were

22  fully set forth herein.

23

24

1    48.    Defendants' acts and practices, described herein, constitute unlawful,

2    unfair or fraudulent business practices in violation of the Unfair Competition Law,

3    Business & Professions Code sections 17200 *et seq.* ("UCL").

4    49.    The utility of Defendants' marketing and sale of DirecTV receivers to

5    the public is significantly outweighed by the gravity of the harm they impose on

6    Plaintiff and the Class.  Defendants' acts and practices are oppressive,

7    unscrupulous or substantially injurious to consumers.

8    50.    The above-described unfair, unlawful and fraudulent business

9    practices conducted by Defendants present a threat and likelihood of harm and

10   deception to members of the Class in that Defendants have systematically

11   perpetrated and continue to perpetrate the unfair, unlawful and fraudulent conduct

12   upon members of the public by engaging in the conduct described herein.

13   51.    Defendants' acts and practices constitute unlawful business practices

14   in violation of Business and Professions Code §§17200 *et seq.*, because, among

15   other things, they violate the California Consumers Legal Remedies Act, Cal. Civ.

16   Code §§1750 *et seq.*, and because they violate Business & Professions Code

17   §§17500 *et seq.*

18   52.    Plaintiff and the Class have suffered harm as a proximate result of the

19   wrongful conduct of the Defendants alleged herein, and therefore bring this claim

20   for relief for restitution and disgorgement.  Plaintiff is a person who has suffered

21   injury in fact and has lost money and property as a result of such unfair

22   competition.

23

24

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF          - 13 -

1    53.    Pursuant to the Business and Professions Code §§ 17200 and 17203,

2    Plaintiff, on behalf of himself and the Class, seeks an order of this Court; enjoining

3    Defendants from continuing to sell and market DirecTV receivers to the public

4    without fully advising consumers of the nature of the transaction and to prevent

5    Defendants from continuing to charge $4.99 per month to current subscribers who

6    have already purchased a DirecTV receiver under the circumstances described

7    herein.

8    54.    Plaintiff further requests an order awarding Plaintiff and the Class

9    restitution and disgorgement of profits acquired by Defendants by means of such

10   unlawful acts and practices, so as to deter Defendants and to rectify Defendants'

11   unfair and unlawful practices and to restore any and all monies to Plaintiff and the

12   Class, which are still retained by Defendants, plus interest and attorneys' fees and

13   costs pursuant to, *inter alia,* Code of Civil Procedure section 1021.5.

14

15

16                    **FIFTH CLAIM FOR RELIEF**

17   **(Alternative Claim / For Violation of the Illinois Consumer Fraud Act)**

18   55.    Plaintiff realleges and incorporates by reference the above paragraphs

19   of this Complaint as set forth herein.

20   56.    If the Court declines to apply California law to Plaintiff's claims and

21   to the claims of putative class members residing outside California, then Plaintiff

22   brings this alternative claim on behalf of a proposed class of Illinois persons and

23   entities who own DirecTV receivers and were charged a "leased receiver" fee.

24

57.     At all times relevant hereto, there was in full force and effect the

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et.*

*seq.* (the "Act").

58.Section 2 of the Act provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of or employment of any deceptive, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the Uniform Deceptive Trade Practices Act, approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.  In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission act.

59.     Plaintiff and the Class are consumers within the meaning of the Act

insofar as Defendant's business activities involve trade or commerce, and are

addressed to the market generally and otherwise implicate consumer protection

concerns.

60.     Defendant has committed unfair acts or practices within the meaning

of the Act by engaging in Acts and practices alleged herein, including, but not

limited to, collection of a "leased receiver" fee from consumers who actually

purchased units, or in the alternative, failing to disclose the terms of the lease

agreement.

61.    Defendant's conduct alleged herein is unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

62.    As a direct and proximate result of the above described acts and omissions of the Defendant, Plaintiff and other Class members have been damaged in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Relief)

55.    Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint as set forth herein.

56.    A dispute has arisen between the Class and Defendants as to whether the Class members' purchase of a DirecTV receiver as described herein constitutes a lease. Additionally, to the extent the transaction between Class Members and Defendants could be construed as a "lease," Plaintiff contends that the lease is void and unenforceable because it was induced through fraud, deceptive means, and/or is unconscionable.

57.    Further, Plaintiff contends that he did not agree to arbitrate or to waive his rights to bring claims on behalf of a class. To the extent Defendants assert that the claims of Plaintiff and the Class *are* subject to an arbitration agreement, Plaintiff seeks declaratory relief in the form of a finding that such a purported agreement is not applicable to the claims at issue, and/or is void and

1  unenforceable as against public policy and/or unconscionable in at least the

2  following respects:

3        a.      To the extent Defendants assert that an arbitration agreement

4  waives Plaintiff's rights to bring his claims on behalf of the Class;

5        b.      To the extent any such waiver of class claims exists in an

6  arbitration agreement, it removes the only practicable way for the consumers to

7  deter and redress the wrongs alleged in this Complaint, thus making such an

8  arbitration agreement unconscionable and unenforceable;

9        c.      To the extent Defendants did not provide an arbitration

10  agreement to Plaintiff or the Class until after the DirecTV receiver was paid for, if

11  at all, such an arbitration agreement is unconscionable and unenforceable; and

12        d.      To the extent Defendants assert an arbitration agreement that is

13  a consumer contract of adhesion presented to Plaintiff and the Class in a take-it-or-

14  leave-it manner, and Defendants maintain superior bargaining of Plaintiff and the

15  Class, such an arbitration agreement is unconscionable and unenforceable.

16        58.    Plaintiff seeks a declaratory relief from this court in the form of an

17  order that:

18        a.      Any purported lease between the Class and Defendants as

19  described herein is not applicable to the claims at issue in the instant case;

20        b.      Any purported lease between the Class and Defendants as

21        described herein is void and unenforceable;

22        c.      That at the election of an individual Class Members, the "lease"

23  for the equipment may be rescinded; and

24

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF          - 17 -

1        d.    Class members are the legal owners of the receivers they

2    purchased.

3        e.    Any purported arbitration agreement between the Class and

4    Defendants is void and unenforceable.

5

6    **PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiff, on behalf of himself and all others similarly

8    situated, prays for judgment against Defendants as follows:

9        1.    For an order certifying the Class under Rule 23 of the Federal

10   Rules of Civil Procedure and appointing Plaintiff and his counsel of record to

11   represent the Class;

12       2.    For restitution, disgorgement and/or other equitable relief as the

13   Court deems proper;

14       3.    That pursuant to sections 17203 and 17204 of the Business and

15   Professions Code, Defendants be permanently enjoined from performing or

16   proposing to perform any of the aforementioned acts of unfair, unlawful and

17   fraudulent business practices;

18       4.    For compensatory damages sustained by Plaintiff and all other

19   similarly situated as a result of Defendants' unlawful acts and conduct;

20       5.    For punitive damages pursuant to Civil Code §1780(a)(4);

21       6.    Declaratory relief that:

22       a.    any purported lease between the Class and Defendants as

23   described herein is void and unenforceable;

24

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF    - 18 -

1    b.    that at the election of the individual Class Members, the

2    "lease" or the equipment may be rescinded;

3    c.    Class members are the legal owners of the receivers they

4    purchased; and

5    d.    Any purported arbitration agreement between the Class

6    and Defendants is not applicable, and/or void and unenforceable.

7    7.    For a permanent injunction prohibiting Defendants from

8    engaging in the conduct and practices complained of herein;

9    8.    For pre-judgment and post-judgment interest;

10    9.    For reasonable attorneys' fees and costs of suit, including

11    expert witness fees; and

12    10.    For such other and further relief as this Court may deem just

13    and proper.

## **JURY TRIAL DEMANDED**

15    Plaintiff hereby demands a trial by jury on all issues so triable.

17    DATED:  February 28, 2008          **SEEGER WEISS LLP**

19    By: _____

20    JONATHAN SHUB (SBN 237708)
     1515 Market Street, Suite 1380

21    Philadelphia, Pennsylvania  19102
     (215) 564-2300

1

Paul M. Weiss
William M. Sweetnam

2

**FREED & WEISS LLC**
111 West Washington Street, Suite 1331

3

Chicago, Illinois  60602
(312) 220-0000

4

5

Kevin T. Hoerner
Thomas R. Ysursa

6

Brian T. Kreisler

7

**BECKER, PAULSON, HOERNER
& THOMPSON, P.C.**

8

5111 West Main Street
Belleville, Illinois  62226

9

(618)235-0020

10

Richard J. Burke

11

**RICHARD J. BURKE LLC**
1010 Market Street, Suite 650

12

St. Louis, Missouri  63101
(314) 880-7000

13

14

*Attorneys for Plaintiff Matt A. Gomric*

15

16

17

18

19

20

21

22

23

24