1

**SEEGER WEISS LLP**
JONATHAN SHUB (SBN 237708)
2  Email: jshub@seegerweiss.com
1515 Market Street, Suite 1380
3  Philadelphia, PA 19102
(215) 564-2300 Tel.
4  (215) 851-8029 Fax

5  [Additional Counsel listed on Signature Page]
***Attorneys for Plaintiff Matt A. Gomric***

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9

10  MATT A. GOMRIC, individually and
on behalf of all others similarly
11  situated,

12            Plaintiff,

13            v.

14  THE DIRECTV GROUP, INC.,
DIRECTV, INC., DIRECTV
15  MERCHANDISING, INC.,
DIRECTV ENTERPRISES, LLC,
16  DIRECTV HOLDINGS, LLC, and
DIRECTV OPERATIONS, LLC
17
         Defendants.
18

Case No.:  5:08-cv-01197

**NOTICE OF PENDENCY OF
OTHER ACTION OR
PROCEEDING**

**[LOC.CIV.R. 3-13]**

19

20

21

22

23

24

1    **TO:   The Clerk of the Court, the Court, and all parties and counsel of record.**

2              PLEASE TAKE NOTICE that, pursuant to Local Civil Rule 3-13,

3    Plaintiff Matt A. Gomric hereby notifies the Court that the action entitled Masters

4    v. DirecTV, Inc., Docket Number CV08-00906 FMC (VBKx) and the action

5    entitled Murphy v. DirecTV, No. CV07-6465 FMC (VBKx)[1] in the United States

6    District Court for the Central District of California (the "Masters and Murphy

7    Actions"), involve substantially similar claims and many of the same parties as in

8    the above captioned action now pending in this Court.  The Masters and Murphy

9    Actions have been assigned to the Honorable Florence-Marie Cooper.  A copy of

10   the complaints in the Masters and Murphy Actions are attached hereto as Exhibits

11   A and B, respectively.

12              The Masters and Murphy Actions arise from the same or closely

13   related transactions, involve determination of the same or substantially related

14   questions of law and fact, and would entail substantial duplication of labor if heard

15   by a different judge than the present action.  Each of these cases is a putative class

16   action alleging that defendants deceptively marketed, promoted and sold DirecTV

17   satellite receivers to consumers throughout the United States claiming to sell these

18   receivers when defendants purportedly established a leasing arrangement and

19   charged consumers monthly fees. Each case asserts similar, but not identical,

20   violations of California's consumer protection laws, including claims under the

21   California Business and Professions Code sections 17200, *et seq.*, at 17500 as well

22

23   _____

[1]        On February 22, 2008, the Masters action was found to be related to the Murphy Action and, accordingly,
24   transferred.

1  as under Civil Code section 1750 *et seq.*  All actions seek restitution, declaratory

2  relief and damages.

3          None of the pending actions has advanced beyond the pleadings, and

4  no answer or other response has been filed by defendants in any of the pending

5  actions.  Plaintiffs are considering whether transfer should be sought pursuant to 26

6  U.S.C. § 1407, or another means of transfer and/or coordination is practicable.

7  DATED:  March 11, 2008                **SEEGER WEISS LLP**

8                                        By: _____/s/_____

9                                        JONATHAN SHUB (SBN 237708)
                                         1515 Market Street, Suite 1380

10                                       Philadelphia, Pennsylvania  19102
                                         (215) 564-2300

11
12                                       Paul M. Weiss
                                         William M. Sweetnam

13                                       **FREED & WEISS LLC**
                                         111 West Washington Street, Suite 1331

14                                       Chicago, Illinois  60602
                                         (312) 220-0000

15
16                                       Kevin T. Hoerner
                                         Thomas R. Ysursa

17                                       Brian T. Kreisler
                                         **BECKER, PAULSON, HOERNER**

18                                       **& THOMPSON, P.C.**
                                         5111 West Main Street

19                                       Belleville, Illinois  62226
                                         (618)235-0020

20
21                                       Richard J. Burke
                                         **RICHARD J. BURKE LLC**

22                                       1010 Market Street, Suite 650
                                         St. Louis, Missouri  63101

23                                       (314) 880-7000
                                         ***Attorneys for Plaintiff Matt A. Gomric***

24

**EXHIBIT A**

1

2 **WEXLER TORISEVA WALLACE LLP**
MARK J. TAMBLYN (State Bar No. 179272)
3 Email: mjt@wtwlaw.com
1610 Arden Way, Suite 290
4 Sacramento, California 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

5

6 **GREEN WELLING LLP**
ROBERT S. GREEN (State Bar No. 136183)
7 Email: rsg@classcounsel.com
595 Market Street, Suite 2750
8 San Francisco, California 94105
Telephone: (415) 477-6700
9 Facsimile: (415) 477-6710

9

10 [Additional Counsel Listed on Signature Page]
Attorneys for Individual and Representative
11 Plaintiff Greg Masters

12 **UNITED STATES DISTRICT COURT**

13 **CENTRAL DISTRICT OF CALIFORNIA**

14

15 GREG MASTERS, on behalf of
himself and all others similarly
16 situated,

Case No. **CV 08 - 00906 ABC**

16

**CLASS ACTION COMPLAINT PJWx**
17 Plaintiff,   **FOR DAMAGES AND**
**INJUNCTIVE RELIEF**
18 v.

19 DIRECTV, INC, a California
corporation.; DIRECTV   **JURY TRIAL DEMANDED**
20 MERCHANDISING, INC., a Delaware
corporation; DIRECTV
21 ENTERPRISES, LLC, a Delaware
limited liability company; DIRECTV
22 HOLDINGS LLC, a Delaware limited
liability company; THE DIRECTV
23 GROUP, INC., a Delaware
corporation; and BEST BUY CO.,
24 INC., a Minnesota corporation,
25
26 Defendants.

27

28

-1-

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   Plaintiff Greg Masters ("Plaintiff"), individually and on behalf of all others

2   similarly situated, alleges by and through his attorneys, upon information and belief,

3   as follows:

4                                  **FACTS**

5       1.     This class action complaint seeks to remedy the unfair, unlawful and

6   fraudulent conduct of the Defendants in connection with their marketing and sale of

7   DirecTV television receivers to the public.  Specifically, DirecTV and its

8   subsidiaries ("DirecTV") are in the business of providing satellite television to

9   consumers throughout the United States.  In order to receive DirecTV's signal,

10  consumers must use a DirecTV satellite dish and receiver box that is then connected

11  to the consumer's television.

12      2.     DirecTV sells its receivers to the public through national retailers such

13  as Costco, Best Buy and Circuit City.  The cost of the receivers is often times

14  significant with many priced in excess of $200.  After purchasing the receiver and

15  connecting it to their television, consumers must then activate the receiver through

16  DirecTV.

17      3.     However, after activating the DirecTV receiver, consumers eventually

18  discover that their "purchase" of the receiver was not, in fact, a purchase at all

19  according to DirectTV.  Instead, DirecTV and the retailers consider the purchase

20  transaction a "lease" of the equipment.  After the receiver is activated, DirecTV

21  then starts charging the subscriber a monthly "lease fee" of $4.99.  DirecTV also

22  takes the position that it, and not the consumer, owns the receiver and that if the

23  consumer does not activate the receiver in a timely manner, the consumer must pay

24  a "non-activation" fee.  The additional terms of DirecTV's "lease" also require

25  consumers to agree to continue subscribing to DirecTV for a minimum of 12

26  months and that DirecTV can increase the "rent" for the receiver at any time, by as

27  much as it wants.  If at the end of the "lease term" the subscriber does not return the

28  receiver in working condition, they may be charged hundreds of dollars in

-2-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   penalties. Of course, DirecTV is not required to return the initial purchase price of

2   the receiver once it is returned by the subscriber.

3       4.    At no time do any of the Defendants advise consumers that the

4   purchase of the receiver is not, in fact, a purchase but is instead a lease. There is no

5   point of sale disclosure that the transaction is anything but a purchase and

6   consumers are not asked to sign or acknowledge any type of "lease agreement" at

7   the time of purchase. To compound the deception, consumers are never told about

8   the one-sided and oppressive terms of the "lease." They are never told that they

9   must pay $4.99 per month for the receiver, that they do not actually own the

10  equipment they just paid $200 to acquire, or that the failure to return the equipment

11  could result in substantial monetary penalties. Additionally, since the "lease fee" is

12  one of many line items on DirecTV's bill and is easily overlooked, it is likely that

13  many subscribers are completely unaware that the receiver they purchased for $200

14  is not, in fact, owned by them.

15      5.    Defendants' conduct as described herein constitutes an unfair,

16  fraudulent, and deceptive business practice. Through this complaint, Plaintiff seeks

17  among other things 1) declaratory relief in the form of an order deeming the "lease"

18  unconscionable and unenforceable and 2) a return of all "lease fees" paid by the

19  class.

20                          **JURISDICTION AND VENUE**

21      6.    The Court has original jurisdiction over this class action pursuant to 28

22  U.S.C. § 1332(d)(2).

23      7.    Venue in this judicial district is proper pursuant to 28 U.S.C. §

24  1391(a)(1) because Defendant DirecTV resides in this judicial district. Venue is

25  also proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the

26  events or omissions giving rise to the claim occurred in this judicial district.

27      8.    The members of the putative Class have suffered aggregate damages

28  exceeding $5,000,000, exclusive of interest and costs.

-3-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## PARTIES

### Plaintiff

9.    Plaintiff Greg Masters ("Plaintiff") is a resident of Montana.  On or about February 17, 2007, Plaintiff entered a Best Buy store and purchased a DirecTV receiver for approximately $99.00.  At the time of the purchase, Plaintiff reasonably believed that he was actually purchasing the receiver.  Plaintiff was never advised that DirecTV or Best Buy considered the transaction to constitute a lease or that the plaintiff was obligated to do anything other than pay the purchase price.  After discovering a new $4.99 "lease fee" on his December 11, 2007 DirecTV bill, Plaintiff contacted both DirecTV and Best Buy to determine the reason for the new charge.  At that time, Plaintiff was advised that DirecTV considered the purchase to be, in fact, a lease and that under the terms of the "lease" Plaintiff was obligated to pay $4.99 per month.  DirecTV refused to change its position that it owns the equipment.

### Defendants

10.    Defendant The DirecTV Group, Inc., is a Delaware corporation with its principal place of business in El Segundo, California.  The DirecTV Group, Inc. markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

11.    Defendant DirecTV, Inc., is a California corporation with its principal place of business in El Segundo, California.  DirecTV, Inc. markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

12.    Defendant DirecTV Merchandising, Inc., is a Delaware corporation with its principal place of business in El Segundo, California.  DirecTV Merchandising, Inc. markets, delivers, promotes and advertises DirecTV and DirecTV receivers to consumers throughout the United States.

13.    Defendant DirecTV Enterprises, LLC is a Delaware limited liability

-4-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    company with its principal place of business in El Segundo, California. DirecTV
2    Enterprises, LLC markets, delivers, promotes and advertises DirecTV and DirecTV
3    receivers to consumers throughout the United States.

4        14.    Defendant DirecTV Holdings LLC, is a Delaware limited liability
5    company with its principal place of business in El Segundo, California. DirecTV
6    Holdings LLC markets, delivers, promotes and advertises DirecTV and DirecTV
7    receivers to consumers throughout the United States.

8        15.    Defendant DirecTV Operations LLC, is a California limited liability
9    company with its principal place of business in El Segundo, California. DirecTV
10   Operations LLC markets, delivers, promotes and advertises DirecTV and DirecTV
11   receivers to consumers throughout the United States. Defendants DirecTV
12   Operations LLC, DirecTV Holdings LLC, DirecTV Enterprises, LLC, DirecTV
13   Merchandising, Inc., DirecTV, Inc., and DirecTV Group, Inc., are collectively
14   referred to as "DirecTV."

15       16.    Defendant, Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation
16   with its principal place of business in Minneapolis, Minnesota. At all times
17   mentioned herein Best Buy sold and marketed DirecTV receivers to consumers
18   throughout the United States. All Defendants, including Best Buy, are collectively
19   referenced to as "Defendants".

20       17.    At all times herein mentioned, each of the Defendants was the agent,
21   servant, representative, officer, director, partner or employee of the other. At all
22   times, each of the Defendants was acting within the scope and course of his/her/its
23   authority as such agent, servant, representative, officer, director, partner or
24   employee, and with the permission and consent of each Defendant. Additionally, at
25   all times herein mentioned, Defendants were members of, and engaged in, a joint
26   venture, partnership and common enterprise, and acting within the course and scope
27   of, and in pursuance of the joint venture, partnership and common enterprise.
28   // // //

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    18.    At all times herein mentioned, Defendants were engaged in a

2    conspiracy to commit the acts alleged herein and each of them, ratified each and

3    every act or omission complained of herein.

4                    **CLASS ACTION ALLEGATIONS**

5    19.    This class action is properly brought pursuant to the provisions of

6    California Code of Civil Procedure section 382, and the procedural provisions of

7    Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this class action

8    on behalf of himself as well as all others who are similarly situated. The proposed

9    class that Plaintiff seeks to represent is defined as follows (the "Class"):

10           All persons in the United States who paid money to
             DirecTV or a retailer for a DirecTV receiver in last four
11           (4) years.

12    20.    Subject to additional information obtained through further

13    investigation and discovery, the foregoing definition of the Class may be expanded

14    or narrowed by amendment or amended complaint. Specifically excluded from the

15    proposed Class are business entities for purposes of Plaintiff's claim for relief under

16    the California Consumers Legal Remedies Act, Civil Code § 1750, *et seq*. Also

17    specifically excluded are Defendants, their officers, directors, agents, trustees,

18    parents, children, corporations, trusts, representatives, employees, principals,

19    servants, partners, joint venturers, or entities controlled by Defendants, and their

20    heirs, successors, assigns, or other persons or entities related to or affiliated with

21    Defendants and/or their officers and/or directors, or any of them; the Judge assigned

22    to this action, and any member of the Judge's immediate family.

23    20.    Though the exact number and identity of Class members is not

24    presently known, they can be identified in Defendants' records through coordinated

25    discovery pursuant to this Class action.

26    21.    There are numerous common questions of fact and law arising out of

27    Defendant's conduct. The action focuses on the Defendants false' and misleading

28    sales practices associated with its sale/lease of receivers to the public.

-6-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

22.     Common questions of fact and law predominate over any questions affecting only individual members of the Class.  The predominating common or class-wide questions of fact include the following:

a.  Whether Defendants marketed, advertised and sold its receivers to the Class using false, misleading and/or deceptive statements or representations;

b.  Whether Defendants omitted material facts in connection with their sale/lease of receivers to the Class;

c.  Whether Defendants' conduct as described herein constitutes a violation of the California Consumers Legal Remedies Act.

d.  Whether Defendants' conduct as described herein constitutes a violation of California Business and Professions Code Sections 17200 and 17500 et. Seq.

e.  Whether Defendants' lease is unconscionable;

f.  Whether the Class is entitled to restitution;

g.  Whether the Defendants' "lease" should be declared unenforceable; and

h.  Whether Plaintiff and the Class are entitled to rescission of the lease.

23.     Defendants' defenses, to the extent that any such defenses apply, are applicable generally to Plaintiff and the entire Class and are not distinguishable as to proposed Class members.

24.     The claims of the Plaintiff herein are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damages, including irreparable harm, as a proximate or legal result of the common course of conduct of Defendants as complained of in this class action complaint. The claims of the Plaintiff are typical of the Class because Defendants subjected all Class members to the same course of conduct.

// // //

-7-

25.    Plaintiff, on behalf of himself, and all others similarly situated, will fairly and adequately protect the interests of all members of the Class, and have retained attorneys highly experienced in the prosecution of complex consumer class action litigation. The Plaintiff is able to fairly and adequately protect the interests of all members of the Class.

26.    Under the facts and circumstances alleged herein, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each Class member. Joinder of individual members of the Class is not practical. Individual litigation would be unnecessarily costly and burdensome and would deter individual claims.

27.    To process individual cases would increase both the expenses and the delay not only to Class members, but also to Defendants and the Court. In contrast, a class action in this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

28.    Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendant.

29.    Notice of a certified class action and of any result or resolution of the litigation can be provided to Class members by first-class mail, email, or publication, or such other methods of notice as deemed appropriate by the Court.

30.    Defendants benefited from the sale of their receivers to Plaintiff and the Class. The benefit to Defendants can be identified from the sale of such receivers to Plaintiff and the Class and such monies can be restored to Plaintiff and the Class. Such monies are the property of the Plaintiff and the Class. All or a

-8-

portion of this benefit retained by Defendants is money in which Plaintiff and the Class have an ownership interest. Plaintiff and the Class were injured and lost money as a result of Defendants' unfair, unlawful and fraudulent business practices described herein.

31.    None of the claims for relief asserted in this controversy are subject to arbitration or any valid arbitration agreement. Plaintiff's counsel notes that the Customer Agreement on Defendants' website contains an arbitration clause with a class action waiver; however, Plaintiff did not receive the Customer Agreement and has never agreed to arbitration or to waive his rights to assert claims as a class action.

32.    To the extent Defendants assert that the claims of Plaintiff and the Class are subject to an arbitration agreement, Plaintiff, on behalf of himself and the Class, seeks declaratory relief in the form of a finding that such a purported agreement is void and unenforceable as against public policy and/or unconscionable.

### FIRST CLAIM FOR RELIEF
**(For Violations of the Consumers Legal Remedies Act, Cal.Civ.Code §§ 1750 _et seq._)**

33.    Plaintiff hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

34.    Defendants are "persons" within the meaning of Civil Code §§ 1761(c) and 1770, and sell "goods" within the meaning of Civil Code §§ 1761(b) and 1770.

35.    Plaintiff and the Class are consumers within the meaning of Civil Code § 1761(d).

36.    Plaintiff's purchase of a DirecTV receiver manufactured, marketed and sold by Defendants constitutes a transaction within the meaning of Civil Code §§ 1761(e) and 1770.

37.    Defendants' conduct violated and continues to violate the CLRA in at least the following respects:

-9-

1          a.  In violation of section 1770(a)(7) of the CLRA, Defendants

2   Represented that goods or services are of a particular standard, quality or grade

3   when they are of another.

4          b.  In violation of section 1770(a)(9) of the CLRA, Defendants

5   advertised goods or services with intent not to sell them as advertised;

6          c.  In violation of section 1770(a)(14) of the CLRA, Defendants

7   represented that a transaction confers or involves rights, remedies, or obligations

8   which it does not have or involve, or which are prohibited by law; and

9          d.  In violation of section 1770(a)(16) of the CLRA, Defendants

10  represented that the subject of the transaction was supplied in accordance with a

11  previous representation when it has not.

12         38.   Defendants engaged in these unfair or deceptive acts and practices

13  with the intent that they result, and which did result, in the sale/lease of receivers to

14  Plaintiff and the Class.

15         39.   In engaging in unfair or deceptive conduct in violation of the CLRA,

16  Defendants actively concealed and failed to disclose material facts about the true

17  characteristics of the transaction leading to Plaintiff and Class Members' purchase

18  of the DirecTV receivers.

19         40.   As a result of Defendants' acts and practices as alleged in this

20  Complaint, Plaintiff seeks an Order enjoining Defendants from continuing to

21  engage in unlawful, unfair or fraudulent business practices, and any other act

22  prohibited by law.  Plaintiff has contemporaneous with this filing provided notice to

23  Defendants pursuant to Civil Code § 1782(a), and will amend to add claims for

24  damages under the CLRA if Defendants do not take appropriate corrective action.

25                  **SECOND CLAIM FOR RELIEF**
                    **(For Unjust Enrichment)**

26

27         41.   Plaintiff hereby incorporates all proceeding paragraphs as if they were

28  fully set forth herein.

-10-

42.     By their unlawful, unfair, deceptive, and wrongful acts and omissions, Defendants were unjustly enriched at the expense of Plaintiff and the Class, who were charged by Defendants a monthly "lease fee" for a lease they never entered into or knew existed.

43.     Defendants were aware and had knowledge of the benefit they were receiving as a result of their unlawful, unfair, deceptive, and wrongful acts and omissions, as hereinabove alleged, and have enjoyed the benefit of their financial gains, to the detriment and at the expense of Plaintiff and the Class.

44.     Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

45.     Plaintiff, on behalf of himself and all others all others similarly situated, is entitled to seek restitution from Defendants, and each of them, and an order disgorging all profits, benefits, and other compensation obtained by Defendants for their wrongful conduct.

### THIRD CLAIM FOR RELIEF
**(For Violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

46.     Plaintiff hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

47.     Plaintiff and the Class have suffered injury in fact and lost money and/or property, including but not limited to monies unlawfully, unfairly and deceptively obtained through the Defendants' sale/lease of DirecTV receivers. Plaintiff has standing to pursue his claims under Business and Professions Code §§ 17203, 17205, and 17500.

48.     Defendants actions as alleged herein occurred in the conduct of trade or commerce directly or indirectly affecting consumers throughout California and the United States, through their advertisements, marketing and representations concerning DirecTV receivers.

-11-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

49.     Defendants caused to be made or disseminated throughout California and the United States, through advertising, marketing and other publications, statements that are untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue, misleading to consumers, Plaintiff and the Class.

50.     Plaintiff, on behalf of themselves and all others similarly situated, are entitled to and seek an injunction prohibiting Defendants from engaging in the acts and practices complained of, and recovery of their attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

## FOURTH CLAIM FOR RELIEF
### (For Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

51.     Plaintiff hereby incorporates all proceeding paragraphs as if they were fully set forth herein.

52.     Defendants' acts and practices, described herein, constitute unlawful, unfair or fraudulent business practices in violation of the Unfair Competition Law, Business & Professions Code sections 17200 *et seq* ("UCL").

53.     The utility of Defendants' marketing and sale of DirecTV receivers to the public is significantly outweighed by the gravity of the harm they impose on Plaintiff and the Class.  Defendants' acts and practices are oppressive, unscrupulous or substantially injurious to consumers.

54.     The above-described unfair, unlawful and fraudulent business practices conducted by Defendants present a threat and likelihood of harm and deception to members of the Class in that Defendants have systematically perpetrated and continue to perpetrate the unfair, unlawful and fraudulent conduct upon members of the public by engaging in the conduct described herein.

55.     Defendants' acts and practices constitute unlawful business practices in violation of Business and Professions Code §§ 17200 *et seq.*, because, among other things, they violate the California Consumers Legal Remedies Act, Cal. Civ.

-12-

1   Code §§ 1750 *et seq.*, and because they violate Business & Professions Code §§

2   17500 *et seq.*

3       56.    Plaintiff and the Class have suffered harm as a proximate result of the

4   wrongful conduct of the Defendants alleged herein, and therefore bring this claim

5   for relief for restitution and disgorgement. Plaintiff is a person who has suffered

6   injury in fact and has lost money and property as a result of such unfair

7   competition.

8       57.    Pursuant to Business and Professions Code §§ 17200 and 17203,

9   Plaintiff, on behalf of himself and the Class, seeks an order of this Court: enjoining

10  Defendants from continuing to sell and market DirecTV receivers to the public

11  without fully advising consumers of the nature of the transaction and to prevent

12  Defendants from continuing to charge $4.99 per month to current subscribers who

13  have already purchased a DirecTV receiver under the circumstances described

14  herein. Plaintiff and the Class are further entitled to, and pray for, restitution of all

15  monies paid in connection with Defendants' unconscionable lease including, but

16  not limited to, early termination fees and all fees or costs associated with the return

17  of a receiver as a result of an early termination.

18      58.    Plaintiff further requests an order awarding Plaintiff and the Class

19  restitution and disgorgement of profits acquired by Defendants by means of such

20  unlawful acts and practices, so as to deter Defendants and to rectify Defendants'

21  unfair and unlawful practices and to restore any and all monies to Plaintiff and the

22  Class, which are still retained by Defendants, plus interest and attorneys' fees and

23  costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

24                          **FIFTH CLAIM FOR RELIEF**
                                **(Declaratory Relief)**
25

26      59.    Plaintiff realleges and incorporates by reference the above paragraphs

27  of this Complaint as set forth herein.

28      60.    A dispute has arisen between the Class and Defendants as to whether

                                        -13-

the Class members' purchase of a DirecTV receiver as described herein constitutes a lease. Additionally, to the extent the transaction between Class Members and Defendants could be construed as a "lease," Plaintiff contends that the lease is void and unenforceable because it was induced through fraud, deceptive means, and/or is unconscionable.

61. Further, Plaintiff contends that he did not agree to arbitration or to waive his rights to bring claims on behalf of a class. To the extent Defendants assert that the claims of Plaintiff and the Class *are* subject to an arbitration agreement, Plaintiff seeks declaratory relief in the form of a finding that such a purported agreement is void and unenforceable as against public policy and/or unconscionable in at least the following respects:

    a. To the extent Defendants assert that an arbitration agreement waives Plaintiff's right to bring his claims on behalf of the Class, such an arbitration agreement is unconscionable and unenforceable.

    b. To the extent any such waiver of class claims exists in an arbitration agreement, it removes the only practicable way for consumers to deter and redress the wrongs alleged in this Complaint, thus making such an arbitration agreement unconscionable and unenforceable.

    c. To the extent Defendants did not provide an arbitration agreement to Plaintiff or the Class until after the DirecTV receiver was paid for, if at all, such an arbitration agreement is unconscionable and unenforceable.

    d. To the extent Defendants assert an arbitration agreement that is a consumer contract of adhesion presented to Plaintiff and the Class in a take-it-or-leave-it manner, and Defendants maintain superior bargaining of Plaintiff and the Class, such an arbitration agreement is unconscionable and unenforceable.

-14-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

62.     Plaintiff seeks a declaratory relief from this court in the form of an order that:

a.      Any purported lease between the Class and Defendants as described herein is void and unenforceable;

b.      That at the election of individual Class Members, the "lease" for the equipment may be rescinded; and

c.      Class member are the legal owners of the receivers they purchased.

d.      Any purported arbitration agreement between the Class and Defendants is void and unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

1.      For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel of record to represent the Class;

2.      For restitution, disgorgement and/or other equitable relief as the Court deems proper;

3.      That pursuant to sections 17203 and 17204 of the Business and Professions Code, Defendants be permanently enjoined from performing or proposing to perform any of the aforementioned acts of unfair, unlawful and fraudulent business practices;

4.      For compensatory damages sustained by Plaintiff and all others similarly situated as a result of Defendants' unlawful acts and conduct;

5.      For punitive damages pursuant to Civil Code § 1780(a)(4);

6.      Declaratory relief that:

a.      any purported lease between the Class and Defendants as described herein is void and unenforceable;

-15-

1    b.   that at the election of individual Class Members, the "lease" for

2         the equipment may be rescinded;

3    c.   Class member are the legal owners of the receivers they

4         purchased; and

5    d.   Any purported arbitration agreement between the Class and

6         Defendants is void and unenforceable.

7    7.   For a permanent injunction prohibiting Defendants from engaging in

8         the conduct and practices complained of herein;

9    8.   For pre-judgment and post-judgment interest;

10   9.   For reasonable attorneys' fees and costs of suit, including expert

11        witness fees; and

12   10.  For such other and further relief as this Court may deem just and

13   proper.

14                          **JURY TRIAL DEMANDED**

15   Plaintiff hereby demands a trial by jury.

16   Dated: February 8, 2008          **WEXLER TORISEVA WALLACE LLP**

17

18                                    By: _____

19                                         Mark J. Tamblyn

20                                    1610 Arden Way, Suite 290
                                      Sacramento, California 95815
21                                    Telephone: (916) 568-1100

22                                    Kenneth A. Wexler
                                      **WEXLER TORISEVA WALLACE LLP**
23                                    55 West Monroe Street, Suite 3300
                                      Chicago, Illinois 60603
24                                    Telephone: (312) 346-2222

25                                    Robert S. Green
                                      **GREEN WELLING LLP**
26                                    595 Market Street, Suite 2750
                                      San Francisco, California 94105
27                                    Telephone: (415) 477-6700

28
                                      -16-
     CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   Stuart C. Talley
    **KERSHAW, CUTTER, & RATINOFF, LLP**
2   401 Watt Avenue
    Sacramento, California  95864
3   Telephone: (916) 448-9800

4   *Attorneys for Individual and Representative*
    *Plaintiff* Greg Masters

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## DECLARATION OF GREG MASTERS
## PURSUANT TO CALIFORNIA CIVIL CODE § 1780(C)

I, Greg Masters, declare as follows:

    1.    I submit this declaration pursuant to section 1780 (c) of the California Consumers Legal Remedies Act. I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

    2.    Defendant DirecTV, Inc. is a California corporation. Defendants DirecTV, Inc., DirecTV Merchandising, Inc., DirecTV Enterprises LLC, DirecTV Holdings LLC, and DirecTV Operations LLC operate their principal place of business in Los Angeles County, California.

    I declare under the penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on February 8, 2008 in _KILA, MONTANA_

                                   GREG MASTERS

-18-

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV08- 906 ABC (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**EXHIBIT B**

ADAM J. GUTRIDE (State Bar No. 181446)
adam@gutridesafier.com
SETH A. SAFIER (State Bar No. 197427)
seth@gutridesafier.com
**GUTRIDE SAFIER REESE LLP**
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

MICHAEL R. REESE (State Bar No. 206773)
michael@gutridesafier.com
**GUTRIDE SAFIER REESE LLP**
230 Park Avenue, 10th Floor
New York, New York 10169
Telephone: (212) 579-4625
Facsimile (212) 253-4272

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MURPHY, on behalf of himself, and those similarly situated,<br><br>                      Plaintiff,<br><br>       v.<br><br>DIRECTV, INC.; DIRECTV MERCHANDISING, INC.; DIRECTV ENTERPRISES, LLC; DIRECTV HOLDINGS LLC; DIRECTV OPERATIONS LLC; and THE DI-RECTV GROUP, INC.,<br><br>                    Defendants. | CASE NO.  CV07-6465 FMC (VBXKx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><br>__JURY TRIAL DEMANDED__<br><br><br>Ctrm:  750<br>Judge: Hon. Florence-Marie Cooper<br><br>Date Action Filed:  August 30, 2007 |

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

Plaintiff John Murphy ("Plaintiff"), by and through his counsel, brings this class action complaint against defendants, on behalf of himself, and those similarly situated, for violation of sections 17200 *et seq.* and 17500 *et seq.* of the California Business and Professions Code; violation of the California Consumers Legal Remedies Act; and fraud, deceit and/or misrepresentation.

## **INTRODUCTION**

1. This is a proposed nationwide class action against The DirecTV Group, Inc. and its subsidiaries (collectively, "DirectTV" or "Defendants") for misleading consumers about DirecTV television receivers sold by Defendants to consumers through retail outlets during the period from August 2003 to the present (the "Class Period").

2. DirecTV operates a satellite television business. To access satellite television, a consumer must have a satellite television receiver hooked up to his or her television.

3. During the Class Period, Plaintiff and other consumers bought DirectTV receivers from retailers such as Best Buy and Circuit City. By paying money for the DirecTV receivers, Plaintiff and others naturally assumed that they had become the owners of the receivers. However, when Plaintiff and other class members returned home, hooked up their DirecTV receiver and then contacted DirecTV to begin service to be able to watch television, DirecTV told them *for the very first time* that they *were not owners* of the receivers, but rather *were merely leasing* the receivers from DirecTV. Moreover, DirecTV told them that since they were only leasees (and not owners) of the receivers, they were now subject to a number of lease related fees and expenses - such as a "monthly lease fee" – and that if the consumer tried to return the receiver, they would be subject to an "early termination" fee of several hundreds of dollars for breaking the lease. DirecTV also informed the consumer that as a "leasee" the consumer was now subject to a long-term programming commitment to DirecTV.

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

4.  When they paid for the receivers at retail, Plaintiff and other consumers had no way of knowing that they were not becoming owners of the receivers, but were only "leasing" them.  Nothing on the packaging indicated that the receivers were not actually being purchased, but rather were being "leased."

5.  This deceptive practice by Defendant DirecTV is so widespread that numerous consumers injured by this practice have complained on consumer advocate websites.  As one deceived consumer stated:

> Purchased a DIRECTV HR10 [a model of receiver] on
> 06/26/06, and returned the box on 06/28/06 and I'm now
> being charged $470.00 for not returning the box to
> DIRECTV. I've been a customer for about 7 years and
> OWN two other boxes and don't remember receiving
> any information about the so-called lease program. I was
> not told anything over the phone about this being a
> leased box when I called to activate the service, and the
> rep actually recommended I bring the box back, as
> DIRECTV was in the process of changing the satellite
> dish for HD boxes from the 3 lnb dish to a 5 lnb and that
> I would not be able to receive all the HD programming.
> I have the receipt from Best Buy and it also does not say
> anything on the receipt about any lease agreement and
> nothing about not being able to return the box, just the
> same old return policy. I've talked to DIRECTV until I
> was blue in the face and have gotten no where and have
> no idea what to do next. I have to pay 470.00 for a box I
> no longer have.

*See* www. consumeraffairs.com/cable_tv/directv.htm (last visited August 10, 2007).

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

6.  Plaintiff brings this class action to stop Defendants from continuing this deceptive practice and recover his and other consumers' losses incurred as a result of this fraudulent "lease" program.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. §1332(d), because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between proposed class members and Defendants.

8.  Venue is proper in this District under 28 U.S.C. §1391(a)(1) & (2). Substantial acts in furtherance of the alleged improper conduct occurred within this District.  Defendants are headquartered within this District.  The injuries, damages and/or harm upon which this action is based, occurred or arose out of activities engaged in by Defendants within this District.  In particular, based upon information and belief, Defendants' adoption and enforcement of the policies described herein, was conceived in, orchestrated from, initiated in, and emanated from El Segundo, California.  In addition, Defendants designed the misleading and deceptive packaging, and composed the content of display materials for their products in El Segundo, California.

## PARTIES

### Plaintiff

9.  Plaintiff John Murphy ("Plaintiff") is a resident of Fulton County, Georgia.  During the Class Period, Plaintiff purchased a DirecTV retail receiver from a Best Buy, thereby believing he was the owner of said receiver.  When Plaintiff set up his receiver and hooked it to his television, DirecTV informed Plaintiff for the very first time that he was not the owner of the receiver, but merely a leasee, subject to a number of lease related fees such as a monthly lease fee. DirecTV also informed Plaintiff that if he tried to return the receiver, he would be subject to an "early termination" fee of several hundreds of dollars for breaking the

1  lease.  DirecTV also informed Plaintiff that as a "leasee," he was now subject to a

2  multi-year programming commitment with DirecTV.

3  **Defendants**

4  10.  Defendant DirecTV Group, Inc., is a publicly traded corporation

5  incorporated under the laws of the state of Delaware that, directly and through its

6  subsidiaries, provides satellite-based television service in the United States and

7  sells retail receivers and other equipment needed to access that service.  The

8  subsidiaries who engaged in the conduct described in this complaint are Defendant

9  DirecTV, Inc., a corporation incorporated under the laws of the state of California;

10  Defendant DirecTV Merchandising, Inc., a corporation incorporated under the

11  laws of the state of Delaware; Defendant DirecTV Enterprises, LLC; a limited

12  liability company organized under the laws of the state of Delaware; Defendant

13  DirecTV Holdings LLC; a limited liability company organized under the laws of

14  the state of Delaware; and Defendant DirecTV Operations LLC,  a limited liability

15  company organized under the laws of the state of California.  All Defendants have

16  their principal places of business in El Segundo, California.  All Defendants shall

17  hereafter be collectively referred to "Defendants" or "DirecTV."

18  **SUBSTANTITVE ALLEGATIONS**

19  11.  DirecTV is a leading provider of satellite television in the United States.

20  In order to access DirecTV a consumer needs to acquire a DirecTV television

21  receiver that is hooked up to the consumer's television set.

22  12.  Among other places, DirecTV sells its receivers through retailers such

23  as Best Buy and Circuit City ("retail receivers").  The costs for these retail

24  receivers are significant, totaling approximately $100 or more.

25  13.  The packaging and displays of these retail receivers indicates to the

26  consumer that the consumer is purchasing the product and that the only obligation

27  imposed on the consumer is payment of the purchase price.

28  14.  However, according to DirecTV, any person who pays for the retail

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

receivers is actually subject to the following terms: (1) the consumer does not actually own the equipment, but is merely leasing it from DirecTV; (2) the consumer is required to pay a "leasing fee" to DirecTV, usually of $4.99 per month; (3) the consumer is required to subscribe to DirecTV service within a particular length of time, usually 30 days; (4) if the consumer does not subscribe, he or she is liable for a "non-activation" fee, usually of $150, (5) the consumer must pay a minimum monthly rate for DirecTV service, usually $29.99 or more; (6) the consumer is required to maintain the DirecTV service for at least twelve months, (7) if the consumer already has DirectTV service on a month-to-month basis, he or she will automatically be re-enrolled in a service plan with a minimum twelve month term, (8) DirecTV may increase the "leasing fee" at any time to any amount at its sole discretion; (9) the consumer has no right to cancel the service for any reason, including without limitation poor service or an increase in the "leasing fee"; (10) if the service is not maintained for the entire period, an early termination fee will be imposed of several hundreds of dollars, (11) if service is not maintained the retail receiver may not be returned to the original retail vendor for a refund nor sold to a third party but must be returned to DirecTV; (12) no refund will be provided by DirecTV for return of a retail receiver; and (13) if a retail receiver is not returned, DirecTV will charge additional fees to the consumer.

15. Nothing on the packaging or displays for these retail receivers informs consumers of any of the above terms. Consumers learn of these terms only after becoming subject to them, at which time they already have paid for their retail receiver, and after which time they purportedly become liable for hundreds of dollars in non-activation fees, leasing fees, service fees, early termination fees, and/or fees for non-return of equipment, and have lost the expected re-sale value of their retail receiver. Consumers do not give informed consent to these terms prior to their purchase of retail receivers, and in any event the terms are unconscionable.

16. This deceptive practice by Defendant DirecTV is so widespread that

numerous consumers injured by this practice have complained on consumer

advocate websites. As one deceived consumer stated:

> I specifically signed up for month-to-month billing with
> DirecTV to maintain the flexibility to cancel the service
> should we be dissatisfied or find a better offer. I never
> signed a contract stating there was a commitment of two
> years with the HD. We gladly accepted the extra costs
> involved with installing the dish but we were never
> informed of a two year agreement.
> I recently tried to cancel the service and was informed
> that I will be charged $187 for early cancellation. I will
> still do it because I will save $420 by switching to
> Comcast and taking the $29.95/mth offer that includes
> HBO, Showtime, and Starz.
>
> * * *
>
> Purchased a DIRECTV HR10 on 06/26/06, and returned
> the box on 06/28/06 and I'm now being charged $470.00
> for not returning the box to DIRECTV. I've been a
> customer for about 7 years and OWN two other boxes
> and don't remember receiving any information about the
> so-called lease program. I was not told anything over the
> phone about this being a leased box when I called to
> activate the service, and the rep actually recommended I
> bring the box back, as DIRECTV was in the process of
> changing the satellite dish for HD boxes from the 3 lnb
> dish to a 5 lnb and that I would not be able to receive all
> the HD programming.
> I have the receipt from Best Buy and it also does not say

anything on the receipt about any lease agreement and
nothing about not being able to return the box, just the
same old return policy. I've talked to DIRECTV until I
was blue in the face and have gotten no where and have
no idea what to do next. I have to pay 470.00 for a box I
no longer have.

*See* www. consumeraffairs.com/cable_tv/directv.htm (last visited
August 10, 2007).

## **CLASS ACTION ALLEGATIONS**

17.  Plaintiff brings this class action against Defendants on behalf of himself
and all others similarly situated, as a class action pursuant to Federal Civil
Procedure Rule 23.  The class that Plaintiff seeks to represent is composed of and
defined as follows:

> **All persons in the United States who purchased a
> DirecTV receiver from a retailer during the Class
> Period from August 2003 to present ("Class").
> Excluded from the Class are officers and directors of
> the Defendants, members of the immediate families of
> the officers and directors of the Defendants, and their
> legal representatives, heirs, successors or assigns and
> any entity in which they have or have had a
> controlling interest.**

For purposes of this complaint, the phrase "Class Members" shall refer collectively
to all members of this Class, including the named Plaintiff.

18.  This action has been brought and may properly be maintained as a class
action against the Defendants pursuant to the provisions of Federal Rule of Civil
Procedure 23 because there is a well-defined community of interest in the litigation
and the proposed Class is easily ascertainable.

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

19. Numerosity: Plaintiff does not know the exact size of the class, but it is estimated that the Class is composed of more than 10,000 persons. Furthermore, even if sub-classes need to be created for these consumers, it is estimated that each sub-class would have thousands of members. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

20. Common Questions Predominate: This action involves common questions of law and fact to the potential class because each Class Member's claim derives from the same allegedly fraudulent, false, misleading, deceptive and/or unfair action. The common questions of law and fact involved predominate over questions that affect individual Class Members. Thus, proof of a common or single set of facts will establish the right of each member of the class to recover. Among the questions of law and fact common to the Class are:

a. Whether DirecTV labeled, marketed, advertised and/or sold products to Plaintiff, and those similarly situated, using false, misleading and/or deceptive statements or representations, including omissions, statements or representations concerning the nature of its satellite television receivers sold at retail;

b. Whether DirecTV omitted and/or misrepresented material facts in connection with the sales of its satellite television receivers sold at retail;

c. Whether DirecTV participated in and pursued the common course of conduct complained of herein;

d. The scope of injunctive relief that should be imposed against DirecTV to prevent such conduct in the future.

21. Typicality: Plaintiff's claims are typical of the Class because he bought a DirecTV receiver at retail during the Class Period and was subsequently informed that he was merely a "leasee" subject to the terms of long-term lease, including, but not limited to a monthly lease fee and other lease related charges and

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

expenses. Defendants' allegedly fraudulent, false, misleading, deceptive and/or unfair actions upon payment of a retail receiver constitutes the same business practices described herein irrespective of where they occurred or were received. Thus, Plaintiff and Class Members sustained the same injuries and damages arising out of the Defendants' conduct in violation of California law. The injuries and damages of each Class Member were caused directly by the Defendants' wrongful conduct in violation of law as alleged herein.

22. Adequacy: Plaintiff will fairly and adequately protect the interests of all Class Members because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for the illegal conduct of which they complain. Plaintiff also has no interests that conflict with or are antagonistic to the interests of Class Members. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and that of the Class. No conflict of interest exists between Plaintiff and Class Members hereby, because all questions of law and fact regarding liability of Defendants are common to Class Members and predominate over any individual issues that may exist, such that by prevailing on their own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class Members.

23. Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions world engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

24. Plaintiff and his counsel anticipate that notice to the proposed class will be effectuated by actual notice mailed to class members through the U.S. mail and/or electronic mail.

25. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as DirecTV has acted or refused to act on grounds applicable to the Class thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

26. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION
## PLAINTIFF'S FIRST CAUSE OF ACTION
### (Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code §17200, et seq.)

27. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint as if set forth herein.

28. Beginning at an exact date unknown to Plaintiff, but within four years prior to the filing of this Complaint, and at all times mentioned herein, DirecTV has engaged, and continues to engage, in unfair, unlawful and deceptive trade practices in California and nationwide, by engaging in the unfair, deceptive and illegal business practices outlined above, in particular misleading consumers about

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

the nature of DirecTV receivers purchased at retail.

29. DirecTV knowingly and intentionally misled, and continues to mislead, consumers by failing to disclose on the packaging that payment for a DirecTV receiver at retail did not give the consumer ownership of the retail receiver, but rather made the consumer a mere "leasee" of the receiver, thereby subjecting the consumer to various lease related charges, including but not limited to a monthly "lease fee"; and that return of the receiver or non-activation of any DirecTV service would constitute a breach of the undisclosed "lease" subjecting the consumer to hundreds of dollars in cancellation and early termination fees.

30. DirecTV engaged in these unfair practices to increase its profits. As such, DirecTV has engaged in unlawful trade practices, as defined and prohibited by §17200, *et seq.* of the California Business and Professions Code.

31. As alleged herein, DirecTV's conduct also constitutes a violation of California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §17500 *et seq.*) and the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §1750 *et seq.*). Violation of the FAL and CLRA serve as predicate acts to violation of the §17200 claim stated here.

32. It was important to Plaintiff and other members of the Class, and it affected and was likely to affect their decision to buy and use DirecTV retail receivers, that DirecTV failed to disclose to consumer that their payment for a retail receiver turned the consumer into a "leasee" of said receiver, subjecting them to numerous lease related fees. It was also important to Plaintiff and other members of the Class, and it affected and was likely to affect their decision to buy and use DirecTV retail receivers, that DirecTV failed to disclose that payment for a retail receiver was merely a "lease" rather than a purchase of the receiver, and that the receiver could not be returned to the vendor or sold to a third party but had to be returned to DirecTV (without refund) or substantial penalties would be imposed.

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

33. Plaintiff, and other members of the Class, paid for the receivers at retail believing that they constituted a purchase of the equipment and would not involve high leasing fees, monthly service minimums, long-term programming commitments, cancellation fees of hundreds of dollars, and/or penalties for failure to return the "leased" equipment. Had Plaintiff and other members of the Class known the truth about the retail receivers, they would not have bought (or paid less for) the retail receivers. Accordingly, Plaintiff and other members of the Class have lost money or property, including without limitation (1) amounts paid for retail receivers, (2) improperly charged cancellation fees, (3) monthly lease fees; (4) fees for services paid, (5) fees imposed for failing to return the allegedly "leased" equipment, and (5) the re-sale value of receivers after use.

34. The aforementioned practices, which DirecTV has used, and continue to use, to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over DirecTV's competitors as well as injury to the class.

35. Plaintiff seeks, on behalf of himself and those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by DirecTV from Plaintiff, and those similarly situated, by means of the unfair, unlawful and/or deceptive trade practices complained of herein, plus interest thereon.

36. Plaintiff seeks, on behalf of himself and those similarly situated, an injunction to prohibit DirecTV from continuing to engage in the unfair, unlawful and/or deceptive trade practices complained of herein. The acts complained of herein occurred, at least in part, within the Class Period.

37. Plaintiff, and those similarly situated, are further entitled to and do seek both a declaration that the above-described trade practices are unfair, unlawful and/or deceptive and injunctive relief restraining DirecTV from engaging in any of such deceptive, unfair and/or unlawful trade practices in the future. Such

misconduct by DirecTV, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that DirecTV will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future customers to repeatedly and continuously seek legal redress in order to recoup monies paid to DirecTV to which DirecTV is not entitled. Plaintiff, and those similarly situated, and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

38. As a direct and proximate result of such actions, Plaintiff and the other members of the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

39. As a direct and proximate result of such actions, DirecTV enjoyed, and continues to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

## **PLAINTIFF'S SECOND CAUSE OF ACTION**

**(False Advertising, Business and Professions Code §17500, et seq.)**

40. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint as if set forth herein.

41. Beginning at an exact date unknown to Plaintiff, but within three (3) years preceding the filing of this Complaint, Defendants have made, and continue to make, untrue, false, deceptive or misleading statements in connection with the advertising, sale and marketing of their retail receivers throughout the United States and the State of California.

42. As alleged in this Complaint, Defendants have made, and continue to

make, representations and statements regarding their retail receivers that were, and are, untrue, false, deceptive or misleading. Defendants' statements do and would mislead a reasonable consumer and have misled such consumers, who would assume that the retail receivers are being purchased and that the purchase does not subject them to undisclosed lease related fees and terms.

43. As a direct and proximate result of such actions, Plaintiff and members of the Class have suffered, and continue to suffer, injury in fact and have lost money and or property as a result of such false advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

44. Plaintiff and members of the Class are in current and ongoing need of protection from the untrue, false, deceptive or misleading advertisements of Defendants.

45. Plaintiff seeks, on behalf of himself and those similarly situated full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants by means of the deceptive advertising practices complained of herein, including interest thereon.

46. Plaintiff seeks, on behalf of himself and those similarly situated an injunction to prohibit Defendants from continuing to engage in the false advertising complained of herein. The acts complained of herein occurred, at least in part, within three (3) years preceding the filing of this Complaint.

47. Plaintiff and other Class Members are further entitled to and do seek a declaration that the Defendants have engaged in false advertising and injunctive relief restraining Defendants from engaging in any such false advertising in the future.

//

//

//

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

## PLAINTIFF'S THIRD CAUSE OF ACTION

### (Violation of the Consumers Legal Remedies Act

### California Civil Code §1750, *et seq.*)

48.  Plaintiff realleges and incorporates by reference the paragraphs stated above of this Complaint as set forth herein.

49.  This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code §1750, *et seq*. (the "CLRA").

50.  DirecTV's actions, omissions, representations and conduct has violated, and continues to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

51.  Plaintiff and other Class Members are "consumers" as that term is defined by the CLRA in California Civil Code §1761(d).

52.  The retail receivers were "goods" and/or "services" within the meaning of California Civil Code §1761(a).

53.  By engaging in the actions, representations and conduct set forth in this Complaint, DirecTV has violated, and continues to violate, §1770(a)(7) of the CLRA.  Specifically, in violation of California Civil Code §1770(a)(7), DirecTV's acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in that they misrepresent the particular standard, quality or grade of the goods.

54.  By engaging in the actions, representations and conduct set forth in this Complaint, DirecTV has violated, and continues to violate, §1770(a)(14) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(14), DirecTV's acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in that they represent that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited

by law.

    55.  By engaging in the actions, representations and conduct set forth in this Complaint, DirecTV has violated, and continues to violate, §1770(a)(16) of the CLRA. Specifically, in violation of California Civil Code §1770(a)(16), DirecTV's acts and practices constitute unfair methods of competition and unfair or deceptive acts or practices in that they represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

    56.  Plaintiff requests that this Court enjoin DirecTV from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code §1780(a)(2).  If DirecTV is not restrained from engaging in these types of practices in the future, Plaintiff, Class Members and other members of the general public will continue to suffer harm.

    57.  CLRA §1782 NOTICE  On October 4, 2007, Plaintiff send DirecTV a CLRA notice letter that provided DirecTV with notice of DirecTV's violation of the CLRA and demanded that within thirty (30) days from that date, DirecTV correct, repair, replace or other rectify the unlawful, unfair, false and or deceptive practices complained of herein.  The letter also stated that if DirecTV refused to do so, Plaintiff would amend this Complaint to seek damages in accordance with the CLRA.  DirecTV has failed to do.

    58.  Pursuant to California Civil Code §1780(a)(3), Plaintiff, on behalf of himself and all other members of the Class seeks compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices.

    59.  Plaintiff also requests that this Court award him costs and reasonable attorneys' fees pursuant to California Civil Code §1780(d).

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

## **PLAINTIFF'S FOURTH CAUSE OF ACTION**

### **(Fraud, Deceit and/or Misrepresentation)**

60.  Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint as set forth herein.

61.  During the Class Period, Defendants made, and continues to engage in fraudulent, misrepresentative, false and/or deceptive statements, and/or to omit material information necessary to make the statements true or non-misleading, in order to induce customers to purchase retail receivers.

62.  These aforementioned fraud, misrepresentations, deceptive, and/or false statements and omissions concerned material facts that were essential to the analysis undertaken by Plaintiff and those similarly situated when it came time to finalize their purchases of retail receivers.

63.  Plaintiff and those similarly situated would have acted differently had they not been misled, but instead been informed that their purchases of retail receivers entailed additional charges for "leasing fees," monthly service fees, early termination fees, non-return of equipment fees (and the amounts of those charges) as well as the prohibitions on resale. Accordingly, Plaintiff and those similarly situated were subjected to additional charges and fees as well as goods and services that they did not want, request, receive or use.  Nor did they contemplate that they would be subject to these additional goods, services, charges and fees at the outset of their intended purchases.

64.  By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiff and those similarly situated to alter their position to their detriment.

65.  Plaintiff and those similarly situated justifiably and reasonably relied on Defendants' omissions and misrepresentations, and, as such, were damaged by the Defendants.

GUTRIDE SAFIER REESE LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

66. As a direct and proximate result of Defendants' omissions and misrepresentations, Plaintiff and those similarly situated have suffered damages in an amount equal to the cost of the retail receiver, the cost of any leasing fees, the payment or obligation to pay any cancellation fees or equipment non-return penalties, and the lost re-sale value of the receiver. The exact amount of these damages will be proven at trial.

67. In engaging in the conduct described herein, Defendants acted with intent to deceive Plaintiff and other members of the Class. Alternatively, Defendants recklessly or negligently disregarded the rights of Plaintiff and other members of the Class.

68. On this cause of action, Plaintiff requests that this Court award him damages, punitive damages, and other appropriate relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

For restitution and disgorgement;

For declaratory and injunctive relief;

An award of compensatory damages, the amount of which is to be determined at trial;

For the value of the unlawful charges;

For punitive damages;

For interest at the legal rate on the foregoing sum from and after the date of the unlawful charges;

For reasonable attorneys' fees according to proof pursuant to, without limitation, the California Legal Remedies Act and California Code of Civil Procedure §1021.5;

For costs of suit incurred; and

For such further relief as this Court may deem just and proper.

# **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: February 4, 2008          **GUTRIDE SAFIER REESE LLP**

_signature_

MICHAEL R. REESE
230 Park Avenue, 10th Floor
New York, New York 10169
Telephone: (212) 579-4625
Facsimile (212) 253-4272

**GUTRIDE SAFIER REESE LLP**
Adam J. Gutride
Seth A. Safier
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 271-6469
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff and the Proposed Class*